USDC- BALTIMORE
'24 OCT 16 PM 4:31

KSC/10.15.24

JST/LNE USAO 2023R00414

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | * CRIMINAL NO. MJM 24-304 |
| LARRY ADAMS, | * |
| TIJEE BENETT, | * (Conspiracy to Distribute and Possess |
| AUREON JOHNSON, | * with the Intent to Distribute |
| CURTIS JOHNSON, | * Controlled Substances, 21 U.S.C. |
| JUAN LAMONT JOHNSON, | * § 846; Distribution and Possession |
| ABDALLAH SIMMS, | * with the Intent to Distribute |
| RODRICK SIMMS, | * Controlled Substances, 21 U.S.C. |
| OLANDO THOMPSON, | * 841(a); Aiding and Abetting, 18 |
| WAYNE THOMPSON, JR., | * U.S.C. § 2; Forfeiture, 21 U.S.C. § |
| DEMARCO WATKINS, | * 853) |
| SHELDON WELLS, and | * |
| KEO WILLIAMS, | * |
| | * |
| Defendants. | * |
| | * |

******

## INDICTMENT

### COUNT ONE
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland charges that:

Beginning on a date unknown to the Grand Jury but no later than June 2023, and continuing through October 2, 2024, in the District of Maryland, the defendants,

**LARRY ADAMS,
TIJEE BENETT,
AUREON JOHNSON,
CURTIS JOHNSON,
JUAN LAMONT JOHNSON,
ABDALLAH SIMMS,
RODRICK SIMMS,
OLANDO THOMPSON,
WAYNE THOMPSON, JR.,
DEMARCO WATKINS,**

**SHELDON WELLS, and**
**KEO WILLIAMS,**

did knowingly and intentionally combine, conspire, confederate, and agree with one another and with others known and unknown to the Grand Jury to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, a quantity of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, a quantity of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and a quantity of a mixture or substance containing a detectable amount of oxycodone, a Schedule II controlled substance, in violation of Title 21 of the United States Code Section 841.

### Quantity of Controlled Substances Distributed in the Conspiracy

1. With respect to CURTIS JOHNSON, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a quantity of a mixture or substance containing a detectable amount of cocaine base, and a quantity of a mixture or substance containing a detectable amount of oxycodone.

2. With respect to LARRY ADAMS, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of a mixture or substance containing a detectable amount of oxycodone.

3. With respect to TIJEE BENETT, AUREON JOHNSON, WAYNE THOMPSON, JR., and DEMARCO WATKINS, the amount involved in the conspiracy attributable to each of

them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is a quantity of a mixture or substance containing a detectable amount of cocaine.

4. With respect to ABDALLAH SIMMS, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of a mixture or substance containing a detectable amount of heroin, a quantity of a mixture or substance containing a detectable amount of fentanyl, and a quantity of a mixture or substance containing a detectable amount of cocaine base.

5. With respect to RODRICK SIMMS, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of a mixture or substance containing a detectable amount of cocaine and a quantity of a mixture or substance containing a detectable amount of cocaine base.

6. With respect to OLANDO THOMPSON, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of a mixture or substance containing a detectable amount of cocaine, a quantity of a mixture or substance containing a detectable amount of cocaine base, a quantity of a mixture or substance containing a detectable amount of heroin, a quantity of a mixture or substance containing a detectable amount of fentanyl, and a quantity of a mixture or substance containing a detectable amount of oxycodone.

7. With respect to JUAN LAMONT JOHNSON, SHELDON WELLS, and KEO WILLIAMS the amount involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is a quantity of a mixture or substance containing a detectable amount of cocaine, a quantity of a mixture or

substance containing a detectable amount of cocaine base, and a quantity of a mixture or substance containing a detectable amount of oxycodone.

21 U.S.C. § 846
18 U.S.C. § 2

## COUNT TWO

**(Distribution and Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges that:

On or about May 30, 2024, in the District of Maryland, the defendant,

## KEO WILLIAMS,

did knowingly and intentionally distribute and possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of oxycodone, a Schedule II controlled substance.

21 U.S.C. § 841

## COUNT THREE

**(Distribution and Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges that:

On or about July 25, 2024, in the District of Maryland, the defendants,

**OLANDO THOMPSON and
ABDALLAH SIMMS,**

did knowingly and intentionally distribute and possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of fentanyl, a Schedule II controlled substance.

21 U.S.C. § 841

## COUNT FOUR

### (Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges that:

On or about August 28, 2024, in the District of Maryland, the defendants,

**AUREON JOHNSON and
CURTIS JOHNSON,**

did knowingly and intentionally possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 841

## FORFEITURE

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 21 U.S.C. § 853 in the event of the defendants' convictions under Counts One through Four of this Indictment.

### Narcotics Forfeiture

2. Upon conviction of the offenses alleged in Counts One through Four of this Indictment, the defendants,

**LARRY ADAMS,**
**TIJEE BENETT,**
**AUREON JOHNSON,**
**CURTIS JOHNSON,**
**JUAN LAMONT JOHNSON,**
**ABDALLAH SIMMS,**
**RODRICK SIMMS,**
**OLANDO THOMPSON,**
**WAYNE THOMPSON, JR.,**
**DEMARCO WATKINS,**
**SHELDON WELLS, and**
**KEO WILLIAMS,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and

b. any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, such offenses.

### Property Subject to Forfeiture

3. The property to be forfeited includes, but is not limited to, a forfeiture money judgment in the amount of proceeds each defendant obtained as a result of Counts One through Four.

**Substitute Assets**

4. If, as a result of any act or omission of any of the defendants, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p).

21 U.S.C. § 853

*Erek L. Barron/LNE*
Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

10-16-24
Date